BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION

MDL No. 3075

IN RE: Prepared Food Photos, Inc.
Copyright Litigation

_____

**AMENDED MEMORANDUM IN OPPOSITION TO SLICE'S MOTION FOR
TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") hereby submits this memorandum in opposition to MyPizza Technologies, Inc. d/b/a Slice ("Slice") and Angelo's Pizza of Poughkeepsie, Inc. d/b/a Tony's Pizza Pit's ("Angelo's) (collectively, the "Moving Parties") Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (the "Motion").

## INTRODUCTION

The Motion runs the gamut from misrepresenting the procedural history of the seven (7) pending actions, grossly mischaracterizing Prepared Food Photos' claims, and criticizing Prepared Food Photos for having the gall to enforce its intellectual property rights when its photographs (the lifeblood of its business) are infringed en masse. Suffice to say, the Motion should be denied.

There are certainly common elements amongst the pending lawsuits. Slice is alleged to provide online ordering, website development, etc. for restaurants across the country. The pending lawsuits each involve the display of one or more of Prepared Food Photos' copyrighted photographs on the Slice website, and that conduct is alleged to constitute direct, vicarious, and/or contributory infringement by Slice and/or the particular restaurant for which such online ordering services are being provided. These commonalities, however, are plainly insufficient to justify transfer/consolidation/coordination under § 1407.

As set forth herein, the Motion ignores and curiously fails to disclose that ***Slice itself*** (through counsel) has squarely ***blamed*** each of the individual restaurants for the alleged infringements.  Indeed, in a July 26, 2022 letter from Mark Avsec, Esq. (Slice's counsel), it was specifically stated:

> Assuming there are unlicensed uses, the parties could litigate damages.  However, under no scenario will you be able to establish willful infringement.  Your client's photographs were apparently found by the subject restaurants' marketing people (not lawyers) who believed that they could legally use them because they were so unoriginal and generic that they were not protectable.

Prior to involvement of counsel, Slice's Chief Accounting Officer (Jeremy Herauf) specifically stated that Slice had 'no idea' whether individual restaurants or Slice itself was responsible for the alleged infringement.  Relying on Slice's own senior officer and its own counsel, Prepared Food Photos filed suit primarily against the individual restaurants (i.e., Angelo's et al.) and secondarily against Slice (direct infringement to the extent Mr. Avsec was incorrect or vicarious infringement if he was correct).

Tellingly, Slice is represented in each of the seven (7) pending lawsuits by the same law firm.  That law firm also represents Angelo's (based in New York), Mola Pizza, Inc. (based in the Middle District of Florida), and N & K Foods, Inc. (based in Maryland).  While Angelo's apparently favors transfer/consolidation, the Motion is silent with respect to N & K Foods, Inc. The Motion is likewise silent with respect to the four (4) other restaurant (Bravo West Pizza, LLC, Three Brothers of Hyattsville, LLC, Original Big Tomato, and Zein LLC) defendants – at least three (3) of which are past the deadline to respond and one (1) of which is already subject to a Clerk's Default.  That Slice has not appointed counsel to represent these restaurants (as it did with Angelo's) certainly supports Mr. Avsec's pre-suit statement that the restaurants are to blame for the alleged infringement and that Slice may have a slight conflict with the restaurants' interests.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

The Motion glosses over or ignores that centralization and consolidation does not serve the convenience of four (4) out of seven (7) restaurant defendants that likely have zero interest in being haled into a foreign court hundreds (if not thousands) of miles away from their home.  Given Mr. Avsec's representation that employees of the individual restaurants found/uploaded the subject photographs, Plaintiff must conduct discovery of the individual restaurants/their employees… most of which Mr. Avsec's law firm does not represent and would likely be conflicted from doing so.  While transfer to the Middle District of Florida might be more convenient for Slice, it says nothing for the inconvenience of the parties that Slice has itself stated hold the relevant information.

## BACKGROUND

### I.      The Pending Lawsuits

As set forth in the Motion, Prepared Food Photos has filed seven (7) lawsuits that Slice/Angelo's are seeking to consolidate/transfer under § 1407.  Slice is a common defendant in each lawsuit.  Each lawsuit likewise names as a defendant the individual restaurant whose menu page on the Slice platform displayed one or more of Prepared Food Photos' photographs.  Given Mr. Avsec and Mr. Herauf's pre-suit representations, each lawsuit alleges that ***the restaurant*** and/or Slice published/displayed the subject photograph(s) on the Slice website.  For example, in Prepared Food Photos, Inc. v. Three Brothers of Hyattsville, LLC et al. (Case No. 1:22-cv-02119) (D. MD.), the governing Complaint alleges as follows:

20.    On a date after Plaintiff's above-referenced copyright registration of the Work, Three Brothers and/or Slice published the Work on Slice's online menu platform (at https://slicelife.com/restaurants/md/hyattsville/20783/three-brothers-pizza/menu) as the image associated with Three Brothers' chicken wing menu item:



Each lawsuit contains a similar allegation, but with respect to the individual restaurant at issue therein and its alleged conduct in supposedly searching for, finding, and publishing the subject photograph (at least according to Mr. Avsec).  Slice/Angelo's are correct that Prepared Food Photos seeks identical relief (statutory damages, injunctive relief, and/or disgorgement of profits) in the various lawsuits… because that is the relief that is available under the Copyright Act.  See 17 U.S.C. §§ 502; 504.

But it is only because the photographs were ultimately posted on Slice's website/platform that Slice is included as a party defendant.  Indeed, Slice is the only common element amongst the various cases.  If Three Brothers of Hyattsville, LLC posted the photograph of chicken wings on its Facebook page and Angelo's posted the photographs of a wrap/stromboli on its website (with neither posting such photographs on Slice's website), there would be no commonality whatsoever. Slice/Angelo's do not assert (nor could they assert) that the individual restaurants have ever had contact with each other, found the photographs on the same website(s), or that anything other than Slice itself somehow ties them together.

As explained above, Slice is represented by the same counsel in each of the seven (7) lawsuits. That same counsel represents the corresponding restaurant defendant in only three (3) of the lawsuits (Angelo's) (S.D.N.Y.), Mola Pizza, Inc. (M.D. Fla.), and N & K Foods, Inc. (M.D. Fla.). Slice's counsel does not purport to represent four (4) of the restaurant defendants: Bravo West Pizza, LLC (S.D.N.Y.), Three Brothers of Hyattsville, LLC (D. M.D.), Original Big Tomato (S.D. Fla.), and Zein LLC (M.D. Fla.). Although counsel for Slice has admittedly communicated with at least one of these non-represented restaurant defendants,[1] the Motion is **silent** as to whether Bravo West Pizza, LLC (located in the S.D.N.Y.), Three Brothers of Hyattsville, LLC (located in the D. MD.), Original Big Tomato (located in the S.D. Fla.), or Zein LLC (located in the M.D. Fla.) consent to transfer, consolidation, etc. Indeed, the Motion is even silent with respect to N & K Foods… which is co-represented by Slice's counsel.

## II.    The 'Threatened' Lawsuits

The Motion takes substantial liberties in proffering that Prepared Food Photos has 'threatened' to file "as many as 75 additional copyright actions" in a supposed effort "to drive up the expense and burden of litigation."[2]  The Motion is correct that undersigned counsel (on February 6, 2023 and various times beforehand) sent Slice's counsel a list of twenty-eight (28) restaurants across the country for which Prepared Food Photos had discovered were utilizing its copyrighted photographs on the Slice website/platform. Seven (7) of those are the restaurants involved in the currently-pending lawsuits. That leaves twenty-one (21) additional restaurants for which Prepared Food Photos **may** pursue in a copyright infringement action. The Motion identifies

---

[1]      During a March 7, 2023 initial case management conference in the S.D.N.Y., counsel for Slice (Lidia Mowad, Esq.) acknowledged that she had communicated with Bravo West Pizza, LLC with respect to the pending lawsuit.

[2]      See Motion, at p. 8.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

these restaurants and the jurisdictions in which these lawsuits would likely be filed (e.g., Eastern District of Pennsylvania, District of Massachusetts, etc.), yet the Motion is again silent as to: (a) whether Slice's counsel would represent these restaurants and (b) whether the restaurants would consent to/oppose litigating in a foreign jurisdiction.

Prepared Food Photos has not "threatened" to file 75 additional lawsuits as the Motion plainly misrepresents.  As displayed in the Motion, Prepared Food Photos '*speculates*' that there are likely at least 75 individual restaurants displaying its photographs on the Slice website/platform (given the fact that Slice purports to service > 18,000 restaurants and Prepared Food Photos has a library of over 25,000 photographs… only 12 of which have been discovered on Slice's website). The only additional cases that Prepared Food Photos knows about are the 21 restaurants described above, and those would (*if* Prepared Food Photos chose to pursue such) likely be pursued in the restaurants' home jurisdictions (to avoid battles over personal jurisdiction/venue).  Notably, the Motion's specter of "75 additional copyright actions" is particularly absurd given the multitude of representations by Slice's counsel (written and telephonic) that Plaintiff's list of alleged infringements was the universe.  For example, on December 20, 2022, Mr. Avsec wrote in an e-mail (in response to the list of alleged infringements): "Moreover, we don't think there are any unknown cases."  While discovery may ultimately prove those statements to be untrue, at this point Prepared Food Photos has no choice but to go along with Slice's own representations (as Slice has essentially stonewalled Prepared Food Photos in obtaining relevant discovery in at least 2 of the lawsuits).

Notably, the Motion proffers that the list of 'potential' lawsuits/other restaurant sightings was provided to Slice's counsel on February 6, 2023 – presumably in an effort to convince the Panel that the filing of dozens of new lawsuits is imminent.  The Motion ignores, however, that

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

the same list (which was only updated to reflect new sightings if found by Prepared Food Photos) was provided to Slice's counsel *on December 8, 2022*.[3]  Prior to that, Prepared Food Photos provided the sightings to Slice's insurance adjuster *on August 25, 2022*.[4]  And before that, Prepared Food Photos provided the sightings to Slice's Chief Accounting Officer *on June 6, 2022*.[5]  Yet – as of March 2023 – only 7 of the potential lawsuits has been filed.  Slice/Angelo's rampant speculation that dozens of additional lawsuits are about to be filed or suggestion that Slice somehow only learned of these additional sightings a week prior to filing the Motion is plainly insufficient to support centralization.  See, e.g. In re Allianz Structured Alpha Funds Litig., 544 F. Supp. 3d 1361, 1362 (J.P.M.L. 2021) ("Movant argues that additional related actions likely will be filed in other districts.  However, the mere possibility of additional actions does not support centralization.  On this record, the involvement of other districts is mere conjecture. Only three potential tag-along actions have been filed since the motion for centralization, and all were filed in the Southern District of New York") (internal citation omitted).

## ARGUMENT

### I.      Legal Standard

Pursuant to 28 U.S.C. § 1407, centralization/transfer is appropriate where (a) cases "involv[e] one or more common questions of fact" and (b) centralization/transfer will "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407.  Importantly, "centralization under Section 1407 should be the last

---

[3]      A true and correct copy of undersigned counsel's December 8, 2022 e-mail to Mark Avsec, Esq. (redacted) is attached hereto as Exhibit "A."

[4]      A true and correct copy of undersigned counsel's August 25, 2022 e-mail to Melissa Mulkeen is attached hereto as Exhibit "B."

[5]      A true and correct copy of undersigned counsel's June 6, 2022 e-mail to Jeremy Herauf (Slice's Chief Accounting Officer is attached hereto as Exhibit "C").

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

solution after considered review of all other options." In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig., 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). "These options include agreeing to proceed in a single forum via Section 1404 transfer of the cases, *as well as voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent rulings*." In re Nelnet Servicing, LLC, No. MDL No. 3053, 2022 U.S. Dist. LEXIS 225328, at *2 (J.P.M.L. Dec. 13, 2022) (emphasis added); In re Allianz Structured Alpha Funds Litig., 544 F. Supp. 3d at 1362 ("The record indicates that the parties have not yet seriously pursued informal coordination and that it remains a viable alternative.") (denying transfer).

## II.    The Parties Have Not Discussed Voluntary Cooperation and Coordination

As a threshold matter, the Motion proffers that "[t]he alternative, voluntary methods of coordinating these actions will not be successful" and that "Prepared Food Photos opposed consolidation."[6]    While Slice/Angelo's are correct that Prepared Food Photos rejected centralization under § 1407, the Motion is silent with respect to what, if any, other methods of coordination were supposedly discussed.    The reason for this is simple – Slice repeatedly demanded that Prepared Food Photos consent to centralization/transfer *only*.    Counsel for Slice/Angelo's has *never* proposed coordination with respect to similar discovery motions, use of discovery/depositions across the multiple lawsuits, or any other methods to avoid inconsistent rulings/duplication of efforts.    Slice Angelo's have insisted on an 'all or nothing' approach involving nothing other than centralization/transfer under § 1407.

Centralization should be the "last solution" – not the first and only solution as proffered by Slice/Angelo's.    Here, the parties can certainly discuss/agree on procedures by which key

---

[6]        See Motion, at p. 20; see also Motion, at Exhibit "R."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

depositions can be used in the multiple lawsuits, duplicate discovery on topics affecting other cases can be avoided, motion practice can be consolidated to the extent the outcome affects more than one case, etc.  But Slice jumped the proverbial gun by assuming that these voluntary methods somehow will not be successful without explaining why or what efforts were actually made to discuss these methods.

## III.    The Same Counsel is Involved in Each of the Pending Lawsuits

Another fact overlooked by the Motion is that the same counsel is involved in each of the seven (7) pending lawsuits. Undersigned counsel (CopyCat Legal PLLC) represents Prepared Food Photos in each lawsuit.  Benesch, Friedlander, Coplan & Aronoff LLP (in conjunction with local counsel) represents Slice in each lawsuit.  *Every* appearing party is represented by these two law firms.  This strongly weighs against centralization/transfer as informal coordination is substantially easier/more practical given the limited number of counsel involved.  See, e.g. In re Cordarone (Amiodarone Hydrochloride) Mktg., Sales Practices & Prods. Liab. Litig., 190 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("The limited number of involved counsel further weighs against centralization."); In re HealthExtras Ins. Mktg. & Sales Practices Litig., 24 F. Supp. 3d 1376, 1377 (J.P.M.L. 2014) ("To the extent that discovery in these actions may overlap, informal coordination appears practicable, especially given that all plaintiffs are represented by the same two law firms."); In re TD Bank, N.A., 703 F. Supp. 2d 1380, 1381 (J.P.M.L. 2010) ("Moreover, given that there are only three actions pending and plaintiffs in all three actions are represented by common counsel, alternatives to transfer exist that may minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings.").

## IV.    Each Lawsuit Involves Unique Questions of Fact

There is no question that common questions of fact/law exist across the seven (7) existing

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

lawsuits.  Copyright infringement is a relatively straightforward tort involving only two (2) elements: ownership and unauthorized copying/display.  See Clanton v. UMG Recordings, Inc., 556 F. Supp. 3d 322, 327 (S.D.N.Y. 2021) ("Copyright infringement [has] two elements [that] must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, (1991)).  The Copyright Act specifies the type of damages available to a plaintiff and there are only a handful of defenses typically asserted by defendants caught with their hand in the proverbial cookie jar (i.e., fair use, innocent infringement, lack of originality, etc.).

But while it is true that each lawsuit involves the alleged unauthorized display of Plaintiff's photographs on the Slice website/platform, the Motion disregards the primary problem with centralization here in that Slice has blamed the individual restaurants for the underlying infringement (if any) by stating it is the restaurants themselves who searched for, located, and ultimately displayed/added the photographs to the Slice website/platform.  Assuming that to be a true statement, centralization/transfer is problematic as individual issues pertaining to infringement are unique amongst each of the cases.  For each restaurant defendant alleged to have acted, Prepared Food Photos must take individualized discovery from the restaurant, its employees, and/or some third-party web designer/ad agency with respect to: (a) who is the person who located/copied the photograph; (b) where/how was the photograph located (i.e., was it copied from Plaintiff's website, was it already on Slice's platform, etc.); (c) what background/experience did such person have with licensing/paying for intellectual property; (d) what monies (if any) did the restaurant generate from use of the photograph(s); and (e) did the restaurant use the photograph(s) other than on the Slice platform.[7]

---

[7]       For example, in the Angelo's lawsuit, at least one of the photographs at issue was displayed both on the Slice

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

***None*** of these factual issues are common amongst the various lawsuits.  Indeed, to the extent Slice is vicariously liable for the actions of the restaurants, such depends on Slice's relationship with each individual restaurant, the level of control exercised, whether any profits were realized, etc. – again, all of which is specific to the restaurant at issue.  The Motion does not contend (nor can it) that the restaurant defendants are somehow united or commonly represented – they are not.  More than 50% of the restaurant defendants are not represented by Slice's counsel, indicating either that Slice does indeed blame them for the subject infringement or the restaurants themselves want nothing to do with Slice and its counsel.  These pre-trial discovery issues are unique to each case and certainly touch upon (if not substantially dominate) questions of infringement, willfulness, and damages.

## V.     Centralization Will Not Further Convenience of Parties and Witnesses

The Motion boldly asserts that centralization/transfer to the Middle of District of Florida will further "convenience," but the Motion is short on details as to whose convenience Slice/Angelo's are concerned with.  Here, the Motion asserts that "one of the first two cases was filed in the Middle District of Florida,"[8] yet other than being filed on the same day as two other cases,[9] the Motion does not explain why such venue is somehow convenient for the parties or the relevant witnesses (or even make any effort to identify who such relevant witnesses would be and where they are located).

As set forth above, the ***only*** parties seeking centralization/transfer at this time are Slice and

---

website/platform ***and on Angelo's Facebook page*** (giving credence to Mr. Avsec's assertion that the restaurants rather than Slice are the ones that discovered/posted the subject photographs).

[8]      See Motion, at p. 19.

[9]      The Motion mistakenly asserts that the Middle District of Florida action was one of the first 2 actions filed, but a total of 3 actions were filed on August 22, 2022 (S.D.N.Y., D. Md., and M.D. Fla.).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Angelo's (which is represented by Slice's counsel and for which Slice is presumably tendering/paying for a defense).  Bravo West Pizza, LLC (located in the S.D.N.Y.), Three Brothers of Hyattsville, LLC (located in the D. Md.), Original Big Tomato (located in the S.D. Fla.), and Zein LLC (the only entity located in the M.D. Fla.) ***have not*** consented to the claims against them being centralized/transferred to the Middle District of Florida… indeed, the Motion is entirely silent as to how transfer to the Middle District of Florida is somehow convenient for these restaurants or ***any*** of the other restaurants across the United States that would (presumably) prefer to litigate in their home courts rather than he dragged hundreds if not thousands of miles away.

Further, it is not only the individual restaurant defendants that would be inconvenienced by having the cases centralized/transferred to the Middle District of Florida – as explained above, Slice has stated that restaurant employees and/or third-parties are the ones who searched for, identified, copied, and added the subject photograph(s) to the Slice website/platform.  Thus, transfer inconveniences not only the various restaurants that have been sued for their alleged infringement but also various unknown employees, contractors, ad agencies, website developers, etc. – none of which are accounted for in Slice's 'convenience' analysis and all of which relief would need to be sought against in their local courts to the extent uncooperative in discovery.

The Middle District of Florida is not 'convenient' for Plaintiff (whose principal place of business is located approximately 3 hours away by car), Slice (whose principal place of business is in New York), Angelo's (whose principal place of business is in New York), or frankly any existing or potential restaurant defendant with the exception of Zein LLC and Mola Pizza, Inc. (both of which have their principal place of business in the Middle District of Florida).  Indeed, even if 'convenient' for those 2 entities, the point remains that neither has consented to centralization/transfer (including Mola Pizza, Inc. which is represented by Slice's counsel) vs. the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

simplicity of litigating the case against that restaurant alone.  Centralization/transfer necessarily transforms an otherwise simple copyright infringement matter into a case involving at least six (6) other defendants alleged to have used Plaintiff's photographs in their own way.   While centralization/transfer is arguably more efficient for Slice, inconveniencing the majority of other parties and potentially increasing their costs/timeframes for defending lawsuits against them would be the necessary result of doing so.  It cannot be said that inconveniencing at least five (5) of the current seven (7) defendants – all so Slice can gain some strategic advantage – somehow weighs in favor of centralization/transfer.  See In re Cordarone (Amiodarone Hydrochloride) Mktg., Sales Practices & Prods. Liab. Litig., 190 F. Supp. 3d 1346, 1347 (J.P.M.L. 2016) ("Given the different defendants sued in these actions, centralization appears unlikely to serve the convenience of a substantial number of parties and their witnesses.  The variance in named defendants virtually ensures that a significant amount of the discovery will be defendant-specific, as do plaintiffs' allegations themselves.").

## VI.      Justice and Efficiency

Centralization/transfer will not promote justice and efficiency.  Here, the Motion that Prepared Food Photos' "damages theory in each case is that **Slice** should have purchased an 'unlimited' license to all of Prepared Food Photos' library, at a single monthly price that does not change regardless of how many photographs are used."[10]  Again, the Motion grossly misrepresents the gravamen of the Complaints at issue in each lawsuit.  As stated above, the only 'evidence' concerning who infringed Prepared Food Photos' intellectual property is the statement from Slice's attorney that the individual restaurant owners/their employees are to blame.  Whether such restaurant owners/employees posted the photograph(s) on Slice's website/platform, their own

---

[10]      See Motion, at p. 16 (emphasis added).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

website, social media, or elsewhere, Prepared Food Photos has an *individual* claim for infringement against that *specific* restaurant. *Nothing* in the Complaints suggests that *Slice* should have purchased an annual license from Prepared Food Photos – indeed, if the restaurant is the infringer, it is the restaurant (not Slice) that should have purchased a license and it is the restaurant that would be liable for infringement damages. In such scenarios, Slice may be subject to vicarious and/or contributory liability, but those are questions of fact turning on levels of control/profits realized from the restaurant's infringement.

It is certainly true that Prepared Food Photos has succeeded in arguing that its actual damages are equivalent to its annual license fee multiplied by the number of years a restaurant/business utilized any of its professional photographs. See Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC, No. 21-82129-CV, 2022 U.S. Dist. LEXIS 205649 (S.D. Fla. Mar. 22, 2022) (awarding $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. 193 Corp., No. 1:22-cv-03832, 2022 U.S. Dist. LEXIS 205690 (N.D. Ill. Sep. 21, 2022) (awarding $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of pre-registration usage of a single photo; Prepared Food Photos, Inc. v. Miami Beach 411 Corp., No. 22-23197-CIV-ALTONAGA/Damian, 2022 U.S. Dist. LEXIS 216003 (S.D. Fla. Nov. 28, 2022) (awarding $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of a single photo); Prepared Food Photos, Inc. v. Fat Daddy Co., No. 22-61671-CIV-SINGHAL, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) (awarding $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *24 (S.D. Fla. Dec. 19, 2022) (awarding

$71,928.00 in statutory damages, representing the $11,988.00 annual license fee for a 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Silver Star of Brooklyn / Brooklyn's Best Inc., No. 1:22-cv-04196-WFK-CLP, 2023 U.S. Dist. LEXIS 22037 (E.D.N.Y. Jan. 23, 2023) (awarding $71,928.00 in statutory damages, representing the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto).

But that does not mean that any particular federal court is somehow precluded from utilizing some other mechanism for determining Prepared Food Photos' damages or that Prepared Food Photos' damages theory must be the same across every case it files. Indeed, assuming statutory damages applies to any particular case, 17 U.S.C. § 504 defines the contours of available damages ($750.00 - $30,000.00 for non-willful infringement and up to $150,000.00 for willful infringement, per work at issue), with a substantial amount of discretion given to the District Court.

As explained above, while there will inevitably be some overlap in discovery, any such inefficiencies could be lessened through cooperation/coordination of counsel (which is the same in each case). Discovery, however, is not identical (as represented in the Motion) but far more nuanced in that each case involves a separate act of infringement by a wholly-unrelated restaurant. There is no efficiency to commingling discovery pertaining to Three Brothers of Hyattsville, LLC's use/discovery/copying of a photograph with Mola Pizza, Inc.'s use/discovery/copying of a photograph – unless the Motion seriously wants to argue that each defendant found their respective photograph(s) through the same internet searches, on the same website, using the same employee. These are inherently individual issues that must be addressed to the individual restaurant defendants… and if/when the restaurants do not cooperate in providing that discovery, they are issues that must be dealt with in New York, Maryland, and the other courts having jurisdiction over the restaurant defendants.

Finally, the potential for inconsistent pretrial rulings can likewise be avoided through coordination/cooperation.  There is no reason why pre-trial motions affecting the cases on a global level cannot be submitted to a single court and agreed that such ruling would have universal application.   At this point, Slice/Angelo's are simply speculating about presently unknown disputes and how they would be handled.  As stated above, however, that speculation is misplaced as Slice/Angelo's made *zero effort* to discuss coordination/cooperation and instead opted for an all-or-nothing approach on centralization/transfer.

                            Respectfully submitted,

Dated: March 10, 2023.          COPYCAT LEGAL PLLC
                            3111 N. University Drive
                            Suite 301
                            Coral Springs, FL 33065
                            Telephone: (877) 437-6228
                            dan@copycatlegal.com

                            By: /s/ Daniel DeSouza_____
                                Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on March 10, 2023, I served the foregoing document via US Mail to:  **Bravo West Pizza, LLC f/k/a Mamma's Famous Ristorante**, c/o Dimitrious Noutsis, 2345 Broadway, New York, NY 10024; **Three Brothers of Hyattsville, LLC d/b/a Three Brothers Italian Restaurant**, c/o Gerardo Labastida, 6208 Fernwood Terrace, Riverdale, MD 20737; **Zein LLC d/b/a Zein's Pizza Wings & Subs**, c/o Samir Zeineding, 2509 Blakeford Way, Lutz, FL 33559; and **Original Big Tomato, LLC**, c/o Carmen Navarez, 7450 Griffin Road, Suite 170, Davie, FL

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

33314.

/s/ Daniel DeSouza___

Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228