UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PREPARED FOOD PHOTOS,
INC., COPYRIGHT LITIGATION                               MDL No. 3075

**TRANSFER ORDER**

**Before the Panel:** Common defendant MyPizza Technologies, Inc., d/b/a/ Slice (Slice) and Southern District of New York defendant Angelo's Pizza of Poughkeepsie, Inc., move under 28 U.S.C. § 1407 to centralize the seven copyright infringement actions listed on Schedule A in the Middle District of Florida. Common plaintiff Prepared Food Photos, Inc., opposes centralization and, alternatively, suggests a Southern District of Florida transferee forum.

After considering the argument of counsel, we find that centralization of these actions in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions can be expected to share factual questions arising from alleged violations of the Copyright Act by Slice—which provides independent pizzerias an online ordering platform, automated marketing, and other app-based services—and certain local pizzerias for their alleged use of copyrighted photos (typically one or two per action) that were owned by plaintiff Prepared Food Photos. In each action before the Panel, plaintiff brings claims against Slice and local restaurants for direct and contributory infringement; it seeks actual damages and disgorgement of profits or up to $150,000 for each instance of alleged infringement, as well as attorneys' fees and costs. Centralization places all actions before a single judge and offers an efficient means of resolving all claims brought by plaintiff Prepared Food Photos against the common defendant Slice and its customers.

Plaintiff Prepared Food Photos opposes centralization, arguing that movants did not meaningfully discuss informal coordination (short of Section 1404 transfer, which plaintiff rejected) and that centralization would be inconvenient for the local defendants. We are not persuaded by these arguments. Plaintiff reportedly rejected efforts to cooperatively bring all cases to a single district. And the alternatives plaintiff proposes—cross-noticing depositions, agreeing to avoid duplication in discovery, somehow consolidating motion practice on common issues—do not appear adequate in these circumstances, as these cases against common defendant Slice will remain pending in four districts before six judges. Plaintiff's estimates of future case filings have ranged from 21 to 75 cases. Even at the low end of that estimate, informally coordinating so many cases would be a challenge.

Plaintiff's convenience arguments are equally unavailing. Aside from plaintiff, no other party has opposed centralization. Common defendant Slice—the web and app platform to which the photos allegedly were posted without authorization—likely is the primary source of discovery among all actions. Litigating in a single district before one judge will be convenient for both

Prepared Food Photos and Slice.

We are persuaded that the Middle District of Florida is the appropriate transferee district for these cases. Plaintiff Prepared Food Photos is based in this district. Further, the Middle District of Florida offers a convenient and readily accessible district. By selecting Judge Mary S. Scriven, we are selecting a jurist who is familiar with the contours of multidistrict litigation. We are confident that Judge Scriven will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Middle District of Florida are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Mary S. Scriven for coordinated or consolidated proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

IN RE: PREPARED FOOD PHOTOS,
INC., COPYRIGHT LITIGATION                                        MDL No. 3075

## SCHEDULE A

<u>Middle District of Florida</u>

PREPARED FOOD PHOTOS, INC. v. MOLA PIZZA, INC., ET AL., C.A. No. 2:22−00829
PREPARED FOOD PHOTOS, INC. v. ZEIN LLC, ET AL., C.A. No. 8:22−01924

<u>Southern District of Florida</u>

PREPARED FOOD PHOTOS, INC. v. ORIGINAL BIG TOMATO, LLC, ET AL.,
    C.A. No. 1:22−24195

<u>District of Maryland</u>

PREPARED FOOD PHOTOS, INC. v. THREE BROTHERS ITALIAN KITCHEN
    LTD., ET AL., C.A. No. 1:22−02119
PREPARED FOOD PHOTOS, INC. v. N & K FOODS, INC., ET AL.,
    C.A. No. 1:22−03372

<u>Southern District of New York</u>

PREPARED FOOD PHOTOS, INC. v. TONYS PIZZA OF POUGHKEEPSIE, INC.,
    ET AL., C.A. No. 1:22−07160
PREPARED FOOD PHOTOS, INC. v. BRAVO WEST PIZZA, LLC, ET AL.,
    C.A. No. 1:22−10951